All right, our third case for this morning is American Family Mutual Insurance Company v. Williams.  May it please the court. Your Honor, I believe this case resolves around one single issue, and that is whether David Williams was legally responsible for the vandivender's dog, Emma, at the time this incident occurred. Now, Indiana law makes two kinds of people legally responsible for animals. It makes owners responsible for them, and it makes keepers responsible for them, and it defines those terms, and I'm having trouble seeing how Mr. Williams is either one of them. Well, Your Honor, first of all, I disagree with that statement. Indiana law does not define a person legally responsible for an animal as solely being an owner or a keeper, but even if you take those terms into the other, as other cases develop them, Mr. Williams could fall into those definitions. What about the Indiana Supreme Court's decision in Ross? Ross v. Lowe, 1993 decision at the Indiana Supreme Court. That was a 12-year-old daughter who the person came over to see the dog. I know, but an owner or a keeper. I don't know how old she was. In that particular case, Your Honor, they found that she was, well, they applied it to the parents, but they found that she was responsible because she was in control of the animal that particular day, the same as in the hardsaw case. The child was in charge and control of the dog on that particular day, even though they weren't the particular owner of the dog, but they were in custody and control. But there are all sorts of ways you can be in custody or control. It's hard for me to imagine why anybody would want to buy your homeowner's insurance policy if guests with very little relation to the animal in question, in this case, Emma the dog, don't have liability protection for activities on the premises that are insured. It's not like he decided to take the dog off to the park downtown or something. That, I imagine, would not be under the auspices of your policy, but it's a very odd way of understanding the policy. Anybody who's in the house who has any interaction at all with the dog, in your view, is an insured under this policy and thus falls within the intra-insured exception. Yeah, I take a little bit of exception about the role you're looking at what the policy would do in this case. Sure, that's your view. If somebody walks in for five minutes to deliver a loaf of bread and someone else says, hold this leash for a minute, I'm about to go out, and they do, boom, they're insured under your view. And then they also, under Indiana law, which takes a broad view of what insureds are and what coverage would be, is that if that person took that dog and the dog took off or bit somebody else while they were holding him, they would be entitled to liability coverage. This is what the whole purpose of this is, is to provide liability coverage to a person who takes possession of that insured dog for any period of time. Senator, why are you arguing this? Your client, of course, doesn't want to have to defend or pay in this case. But the implications, as you just stated, of your argument is that the number of people you're insuring when you write a policy of homeowner's insurance goes vastly beyond the purchasers of the insurance. They include every incidental visitor to the house, no matter what. And I don't think you can confine it to the dog language of the policy. It's a strange position for an insurance company to want to take since they usually want to insure known quantities. That is, Your Honor. But you think everybody on the planet who might walk into the Van Deventer's home is somebody that you're insuring. If they happen to hold the dog's leash, if they happen to turn the microwave oven on, if they happen to do anything. They're having a party. Every single person in the party is insured. Anyone who is given custody of that dog by the named insurer, by an insured, under that policy, could be defended under the policy for liability coverage. You're right, Your Honor. Right, and that would apply, actually, I think off the premises as well. If he walks, I would have thought that at least your duty to defend, under your theory, extends quite broadly. So that even if the guest is not finally deemed a keeper by the Indiana Supreme Court, and how few cases get to that resolution, you still owe a duty of defense to somebody who takes control of the dog, takes it for a walk, and it then injures somebody. And that person gets sued along with the owners, right? That's what you're telling us, right? Right. My problem is with your reliance on this intra-insured exclusion. The purpose of that is essentially to prevent collusive claims, right? Correct, Judge. Yeah, okay. So, for example, the guest who comes to visit and slips on a loose carpet on the stairs and gets hurt is not treated as an insured. Rather, that person can make a claim, and your insurance would cover the owners for that claim, right? Correct. Okay. Now, suppose somebody who's a regular dog walker for this family, a neighborhood teenager comes to the house, and that person slips on that same loose carpet on the stairs. Is he an insured because he's legally responsible for the dog that has nothing to do with this incident? I would think if he was walking the dogs out when that happened, he would be an insured. No, he's not walking the dogs. He's just visiting the house. But when he has the dogs, he's an insured, right? Correct. He's keeping the dogs company. Only for purposes of that kind of claim, right? Correct. Okay. So, I guess, so the dog walker would not be deemed an insured for purposes of Exclusion 11, unless it's a claim arising from the dog, under your theory. Correct. How do you get that limitation in Exclusion 11? Under the intra-insured exclusion? Yeah. Well, once they are in custody and control of the dog, they are an insured under the definitions. For a slip and fall claim. For a slip and fall. I don't know that they, unless he's holding the dog, then he's, they're taking the dog, and who knows what the dog did to make them fall, or the carpet, or whatever. But once he's taking possession of that dog, he is an insured. It's similar to if you give your keys to somebody at your car and you said, you have permission to drive my car. They become an insured at that point. And then if something happens, then they could become, then there would be liability coverage for what happened. Out of the driving of the car, though, I mean, I think the hypothetical here is, the teenager's walked into the house, the dog is sitting there in the kitchen, you know, having a drink of water or something, and he slips on the carpet. Now, the purpose of being in the house might be to go take the dog for a walk in a minute, but he's not doing that, and you're reading a lot into this intra-insured exclusion to have all of these distinctions there. I don't believe so, Judge, because, first of all, back to the auto reference we made, you'd still be an insured whether you had a claim or not. And that's the same thing here. Once they take possession of the dog, they still be an insured, whether a claim arises from that or not. It's the possession and custody of the dog that makes them an insured under the policy and makes them subject to any liability coverage. Let me ask you. Go ahead. I was just going to say, the problem with your reading is insured mean, I'm uncomfortable with the on-again, off-again notion of the definition because the policy says insured means any person, dot, dot, legally responsible, dot, dot, for an animal owned by any person. And it seems to me that you think only one factor makes somebody legally responsible, namely holding the leash. As I read the relevant Indiana cases, legally responsible is kind of an all the facts and circumstances sort of thing, but it requires a number of indicia of responsibility. And I don't know how the teenager, when he walks in the door of the house, or the friend who just decides to do a favor, suddenly becomes legally responsible for all time for the dog and thus goes over to Section 11 on the intrainsured suits. But only for purposes of anything involving the dog, right? Exactly. So let me ask you, I want to suggest to you that the critical phrase here, legally responsible, is actually ambiguous because we're talking about legally responsible for an animal or a watercraft, right? Correct. And my question is, legally responsible for what? I can think, for complying with applicable ordinances, for getting registrations and licenses, inoculations, for veterinary care, for food and water, for anything else. I would think those are all potential meanings, but what it really is aimed at is liable for injuries caused by the dog, right? Or to the dog itself, I would say. Or to the dog itself. That's what it's aimed at, because this is, after all, liability insurance. Correct. And so I'm having trouble seeing how Mr. Williams would be legally responsible for an injury the dog caused to himself, right? Your whole case is built on other hypotheticals about what happens if he's walking the dog and it bites some neighbor's child, right? But let's focus on this. How is he legally responsible for this injury to himself? Well, in this particular case, Mr. Williams took the dog by a leash out in an unfenced area of the yard near a road. He was already aware that the prior dog had been killed by being struck. We knew what happened. I don't think that's the answer to Judge Hamilton's question. Why, under all of the facts that you were about to recount, is he responsible for his own injury when the dog lurches off and he falls down and hurts his shoulder badly? Because I was about to say, he was responsible for that dog if it had got away and got hurt and hit the road. If, but not for what actually happened. Correct. If he's not responsible for what actually happened, then he's not an insured. He was responsible for what could have happened because, like I said before, the car accident. But you're not being asked to insure what could have happened. You're being asked to insure what did happen. No, we're being asked to. He is an insured because he is legally responsible for that dog at that point, even under the statutes and ordinances that are applied, he had a duty to restrain that dog, which is what he was doing for the leash. By the way, speaking of ordinances, do you think we can take judicial notice that the Vandaventures lived outside the Bloomington city limits? I don't know that you can because there's never been any evidence presented in the record that shows that they are not in the Bloomington ordinance. The question is, can we take judicial notice? I looked yesterday. My address is Bloomington, but I live way outside the city limits. Come on. I don't know. Seriously? If you knew the house was... We've got the address. It's in the record. Bloomington city limits are a matter of public record. You don't think we can take judicial notice of that? With public record of the city limits, you could. Thank you. Okay. Now, the other thing is with the statutes, though, that the court of appeals did not, or the district court didn't look at, was that both of them applied a duty to restrain to all persons, both the Bloomington municipal as well as the Monroe County, and the Monroe County ordinance specifically said, a person may not restrain a domestic pet in a manner that allows the domestic pet to move outside the property owned, lawfully occupied, or controlled by that person. So, once again, he had that duty to keep that dog restrained under the ordinances that applied, whether it be a Bloomington ordinance or a Monroe County ordinance. It's not a Bloomington ordinance. Forget that. Okay. Where's the Monroe County language? It's at section 44017I. It's in our appendix at page 428. So, Your Honor, for that basis, because he had a duty to restrain the dog, and because of the other cases we cited that he had a possessory interest of the dog, that he would have a duty to take care of that dog while it was in his possession, had a duty to return it in the same condition, he was responsible for the dog at the time that the dog pulled him and pulled him down. And for that reason, he would be insured under the policy. How would your argument apply to domestic employees? The reason I'm asking that is because as I read this policy, it protects people who are domestic employees who are injured on the premises and on the job, right? There is a provision about the owners. Your insurance company will step in if those employees are injured and sue the owners, right? I believe there's a different provision in the policy that deals with domestic employees. There is a different provision, but I'm concerned that because domestic employees are also treated under the policy, any person while working as a domestic employee of any person included in paragraph A, that that would also, you'd also basically take away that coverage by your reading, your very broad reading of the intra-insured exclusion. If they get to sue the named insured. Right. Is that right? Correct. Okay. If that's right, then explain to me, I'm looking at the exclusions in the policy, it says we will not cover bodily injury to any employee other than a domestic employee of any insured arising out of and in the course of their employment by any insured. And we have this exclusion for bodily or injury occurring elsewhere off the insured premises. This does not apply to bodily injury to any domestic employee arising out of and in the course of employment by any insured, which sort of seems to imply that domestic employees are covered, and yet you're now telling us that despite all those implications, the intra-insured provision would take all that away. Is that right? Yes, it could, Your Honor. It is. That sounds fraudulent, honestly, to have the limitations on those other exclusions. The domestic employee would be covered. Your Honor, it might be illusory as a domestic employee, but unfortunately that's not the facts we have here. But it's the same logic on the same exclusion, which I think your argument has lost sight of the purpose of liability insurance. No, Your Honor. I believe, because like I said, our whole purpose was to expand coverage for persons who had control of the dog. Oh, we can do that. We can do that and those other hypotheticals. Yeah. Okay. All right. Thank you very much, Mr. O'Dell. Ms. Bartlett. Thank you, Your Honor. Please, the court. I think the district court correctly determined that Mr. Williams was not legally responsible for the dog for the very reasons that you discussed in your questions. Indiana looks to owners and keepers as the people legally responsible for dogs. Well, let's suppose, Ms. Bartlett, that Mr. Williams had taken that dog for a walk on the leash and it bites the neighbor's child. And the neighbors are upset. And whether they've got a good claim or not, they sue your clients and Mr. Williams. In that case, if all the facts are the same, Mr. Williams would not be insured under this policy. He might be sued. Sure he would. Are you saying he wouldn't be entitled to coverage under this policy when somebody is at least to a duty to defend if somebody is trying to hold him legally responsible for this dog? I do not believe that he would be. I think that the courts would still look to you as illegally responsible for the dog. That is shocking to me. I think it has to be interpreted the same way, whether it's Mr. Williams making the claim or whether it's a non-party making the claim. Why do you think that? The argument you're making is terrible for homeowners and guests. This policy may not be very good in that situation. No, or its interpretation should be asymmetrical in order to protect liability, to protect both your clients and Mr. Williams from liability in the kind of hypotheticals that the insurance company has argued and yet not to hold Mr. Williams legally responsible for his own injuries in what actually happened. If you're committed to symmetrical interpretation of this, some pretty clear injustices are going to occur. I don't disagree with that, but I think we have to look at how the policy is written and the policy is written that someone is, if they're legally responsible for the dog, they become an insured. So the question is what does this legally responsible term mean? That was a question that was raised earlier. What, in your view, does that mean? And do you think it's clear or do you think it's ambiguous enough that a duty to defend at least arises, even if ultimately there may or may not be a duty to indemnify? I think Indiana law is very clear that it's owners and keepers that are responsible and a keeper is someone who basically fills in as an owner would. It's not somebody that grabs a hold of a leash for a moment and suddenly they're a keeper. Suddenly they're legally responsible for the dog. So are you relying on Ross or more than Ross for that? I'm relying on more than Ross. Even the cases where the courts have found someone other than the owner responsible, they look to the degree of contacts that that person had with the dog. For example, in Better, the man had routinely been feeding the dog, routinely been watering the dog, and had been inducing the dog to come to his property. It wasn't a one-off event. And I think that's what Indiana courts look to. That's also what other jurisdictions that follow this similar framework look to. And yes, that may lead to unfortunate results under the policy, but that doesn't mean that Mr. Williams is suddenly uninsured because he decided, I'm going to take the dog for a walk. So under your, do the, I don't know, do the Vandeventers have any domestic employees? Does anybody? No, they do not. Let's suppose somebody came to clean the house as an employee and got hurt. Wouldn't you expect an American family to cover a suit by that person against the Vandeventers? Under the, or would they be entitled to rely on the intra-insured exclusion because domestic employees are insured? I think under the policy, if they made a claim against the Vandeventers, as it reads, it would not be covered. Whether that would be illusory coverage. That's crazy. That's not what liability insurance is about. That's not what your client's paid for. No, your client surely paid for coverage when the domestic employee slips on the floor and breaks her hip or something like that. That's the core of the liability provisions in these policies. How important is it? You can go the way American family insurance is going and say the minute you hold the leash, even for a period of five seconds, you become legally responsible for the dog, at least during that five seconds. What else is important? I know you stressed the facts that the Vandeventers didn't actually even care if Mr. Williams took the dog out. They said put it on the fixed lead instead, the chain, take our car if you want to, leave the dog alone. How important are those other factors if he, in fact, undertakes to take the dog for a walk? I think those factors are important. I think it's also important that this is a one-time event. What if he's staying with them for a month? He's from the U.K. and South Africa. Maybe he wants a nice long stay in the U.S. and down in lovely Bloomington and areas around it. Everyone's invited to visit. Bloomington in the fall is beautiful. No, I agree. Bloomington's a nice place, in addition to being the home of our colleague here. If you're going to say, well, it's one time, it's two times, it's once a day, every day for 30 months, where he's just trying to be a nice guest and carry his part of the load, what rational way of drawing that line is there? I think that there would have to be more than that. There would have to be an understanding that Mr. Williams is going to be filling in, essentially, as the owner of the dog while the Vandevenders are gone. While they are gone, he's expected to provide all of the care that an owner would, not just, well, I felt like taking the dog for a walk, so I grabbed the leash and off we went. And I think one of the reasons that Indiana looks at these continuous, ongoing care is because you're not going to know the dog's propensities if you just occasionally, every once in a while or one time, have possession of the dog. A dog is not a car. A dog is not a house. A dog has personality and propensities. So you think, though, getting to know the dog is good. So you wouldn't want to read legally responsible as the one who has to go get the rabies shot and the one who has to, I presume Monroe County must have some register your dog thing, where you get tagged for the dog, most places do. I mean, that would be one, actually, very easy way to draw a line between who's legally responsible and who isn't. But perhaps under-inclusive. It's a line that has nothing to do with the purpose of the insurance is the problem, which is liability coverage. So I guess let me try one more time, counsel. There obviously is lots of room under the case law to debate exactly how much contact one must have had with a dog to be held legally responsible for it. But your clients presumably want to be covered themselves from potential liabilities and want their guests to be covered as well, right? And so that's why I don't understand your reluctance to agree that even if the claim is not well-founded against Mr. Williams because he's not really a keeper, if somebody's trying to hold him legally responsible in the hypothetical where the dog has injured someone else while he's holding the leash, why he's not at least entitled to a defense along with your clients in such a case? I will say he may be entitled to a defense in that case. And then if he loses, then he has been held legally responsible, right? And he's indemnified. Yes. Right? Yes. Okay. However the case ultimately gets resolved, whether by settlement or something else, right? And I do think your owner makes a good point that he would be entitled to a defense because for the duty to defend, we don't look to all of the factors that we look to to indemnification. We look to the complaint and a reasonable investigation. And if there's some set of facts that leads to there should be, this should be covered under the insurance policy, then he would be entitled to a duty to defend. And I think this case also would be very difficult to determine that there wasn't a duty to defend in most cases involving a dog as a matter of fact. And a visitor. Yes. So what about the problem that the intra-insured suit provision is focusing on, which is the idea of collusive lawsuits? Here's Mr. Williams. He's their guest. He's in the backyard. Emma does something unexpected, and he's hurt. So now he's suing his buddy, you know, his college roommate.  We don't have confidence that that's going to be a valid kind of claim. So why wouldn't it apply? They're both insured. We've agreed that. He's entitled to a defense under the policy. They're entitled to a defense under the policy. They're both insured under that scenario. And so why do they get to sue each other? And I think there may be an answer to this, but I'm interested to know what your answer is. If Your Honor is asking about these particular facts, why do they get to sue each other? Yeah. I think you still have to go through the definition of insured. And I do think there are some instances where that insured definition is obviously going to provide greater protection to the Vandevenders, but obviously not in this case where someone is suing the Vandevenders themselves. I think if you go through that analysis. For harboring a dangerous dog, apparently. Yes. An impulsive Labrador. If you go through that analysis of whether or not he's insured, which I think you do have to do in any case, and determine does he have enough contacts with this dog to be held legally responsible, it's not going to be a situation where any claim brought is necessarily collusive. The policy covers claims by friends, right? Yes. Visitors to the house and nieces and nephews and those kinds of folks who are visitors to the house who get hurt because of a dangerous condition are covered. Correct. There's some danger of collusion, but it's not quite the same as between household members. Correct. And the insurance company retains the right to control the defense. Yes, they do under this policy. So there could be an effort at collusion, but in all those situations, Judge Hamilton mentions, presumably the right to control the defense is pretty big protection. Correct. The Vandevenders are represented by attorneys hired by American Family currently in the underlying case. What is the status of the underlying case? Currently it's pending. There is not currently a trial date set. Is it in state court, federal court? It's in state court, Your Honor. Unless Your Honors have any other questions, I don't believe I have anything else. All right. Thank you very much. Anything further, Mr. O'Dell? I think your time may have expired, but I'll give you a minute. All right. Thank you. Thanks to both counsel. We'll take the case under advisement.